# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 13-CR-2034-LRR |
| vs. | **ORDER** |
| MARY ANN RAMOS, | |
| Defendant. | |

## I. INTRODUCTION

The matters before the court are Defendant Mary Ann Ramos's Motion in Limine ("Defendant's Motion in Limine") (docket no. 42) and the Government's Motion in Limine (docket no. 43).

## II. RELEVANT PROCEDURAL HISTORY

On April 8, 2014, the government filed a Superseding Indictment (docket no. 29) charging Defendant with: (1) distribution of a controlled substance, XLR11, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count I); (2) distribution of a controlled substance analogue, Alpha-pyrrolidinopentiophenone (Alpha-PVP), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count II); (3) possession with intent to distribute a controlled substance, XLR11, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count III); (4) possession with intent to distribute a controlled substance analogue, Alpha-pyrrolidinopentiophenone (Alpha-PVP), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count IV); and (5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count V). The Superseding Indictment also includes a forfeiture allegation.

On June 9, 2014, Defendant filed Defendant's Motion in Limine.[1] On that same date, the government filed the Government's Motion in Limine. On June 16, 2014, Defendant filed a Resistance to the Government's Motion in Limine (docket no. 46). On that same date, the government filed a Resistance to Defendant's Motion in Limine (docket no. 48). Also on that same date, the court held a Final Pretrial Conference and heard oral argument on Defendant's Motion in Limine and the Government's Motion in Limine. June 16, 2014 Minute Entry (docket no. 50).

### III. ANALYSIS

#### A. Defendant's Motion in Limine

##### 1. Recordings of Alleged Control Buy

###### a. Parties' arguments

In Defendant's Motion in Limine, Defendant argues that all recordings made during a June 19, 2013 controlled buy should be excluded from evidence because the confidential informant who participated in the controlled buy is now deceased. Thus, according to Defendant, the recordings cannot be introduced into evidence because such evidence would violate Defendant's rights under the Confrontation Clause as construed in *Crawford v. Washington*, 541 U.S. 36 (2004), since the confidential informant's statements are testimonial in nature. Defendant also argues that this evidence should be excluded because the government cannot lay the proper foundation.

In response, the government argues that the recordings are admissible and admitting them into evidence would not violate Defendant's rights under the Confrontation Clause because the confidential informant's statements are not offered for the truth of the matter

---

[1] The court notes that Defendant's Motion in Limine does not comply with the Local Rules because a brief is not attached. *See* LCrR 47 ("Local Rule 7 governs motion procedure in criminal cases . . . ."); LR 7(d) ("For every motion, the moving party must prepare a brief . . . ."). Nevertheless, the court will consider the arguments in Defendant's Motion in Limine.

asserted. Rather, they are admissible to give context to Defendant's statements. In addition, the government asserts that the case agent will lay the proper foundation for the recordings.

### b. *Confrontation Clause*

In *Crawford v. Washington*, the United States Supreme Court held that out-of-court statements that are testimonial in nature are inadmissible unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68. However, the Sixth Amendment permits admission of nontestimonial statements, even in the absence of the defendant's prior opportunity to cross-examine the witness. *Id*. The Third Circuit Court of Appeals addressed the admissibility at trial of a recorded conversation between a defendant and an unavailable confidential informant in *United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005). The Third Circuit held that "*Crawford* presents no bar to the admission of the statements of [d]efendants . . . made in . . . conversations with [a] [confidential informant]." *Hendricks*, 395 F.3d at 184. Additionally, the Third Circuit found it unnecessary to determine whether the confidential informant's statements were testimonial because, even if they were, the statements were nonetheless admissible "for a purpose other than establishing the truth of the matters contained therein," that is, to "put the statements of the other parties to the conversations 'into perspective and make them intelligible to the jury and recognizable as admissions.'" *Id*. at 183-84 (quoting *United States v. McDowell*, 918 F.2d 1004, 100 (1st Cir. 1990)) (reversing the district court's exclusion of recorded conversations between the defendant and a confidential informant pursuant to *Crawford*).

In light of the foregoing, the court finds that the recordings are admissible to the extent that the government introduces them "for a purpose other than establishing the truth of the matters contained therein," such as to put the Defendant's admissible statements during the controlled buy into context. Defendant's Motion in Limine is denied to the extent that it seeks to exclude the recordings because the confidential informant's

3

statements are testimonial in nature, in violation of Defendant's rights under the Confrontation Clause.

### c. *Foundation*

In determining whether the government has laid the proper foundation to introduce the recorded conversations into evidence, the Eighth Circuit Court of Appeals has laid out a "nonexclusive" list of factors that the district court should consider. *United States v. Oslund*, 453 F.3d 1048, 1054 (8th Cir. 2006). These factors include

> (1) That the recording device was capable of taking the conversation now offered in evidence. (2) That the operator of the device was competent to operate the device. (3) That the recording is authentic and correct. (4) That changes, additions or deletions have not been made in the recording. (5) That the recording has been preserved in a manner that is shown to the court. (6) That the speakers are identified. (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

*Id.* (quoting *United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974)).

In the Resistance to Defendant's Motion in Limine, the government contends that "the handling agent who worked with the [confidential informant] will provide the proper foundation for admission of the recordings." Resistance to Defendant's Motion in Limine at 2. Nonetheless, the court finds that it cannot determine whether the government will be able to lay the proper foundation for the recorded conversations at this point. Accordingly, the court shall reserve ruling on the admissibility of the recorded conversations until trial.

### 2. *Testimony of lay witness as expert*

In Defendant's Motion in Limine, Defendant argues that the court should exclude the government's proposed "lay witness who will allege that he has consumed both Controlled Substances Act prohibited drugs as well as alleged analogue drugs, and will purport to . . . compare the pharmacological effects of these drugs." Defendant's Motion

in Limine at 5. Defendant asserts that this testimony is "speculative and unverifiable" because the witness "has never met the Defendant . . . nor has he purchased purported controlled substances or analogues at the establishment in question in this case." *Id.*

At the Final Pretrial Conference, the government indicated that it no longer intended to call the particular witness objected to in Defendant's Motion in Limine. Instead, the government stated that it intends to call a replacement witness who will testify that he used Alpha-PVP and will discuss the effects of that drug. Defendant is charged with distribution of and possession with the intent to distribute Alpha-PVP, a Schedule I Controlled Substance Analogue, in Counts II and IV of the Superseding Indictment. The government stated that this testimony is necessary because it has to prove the pharmacological effects of Alpha-PVP. The government also stated that it would not call this witness as an expert and, thus, would not invoke Federal Rule of Evidence 702. Rather, the government asserts that it will call the witness as a lay witness, and the witness will not be providing opinion testimony, so Rule 701 is not invoked either. At the Final Pretrial Conference, Defendant stated that she maintains the same argument with respect to this witness.

The government intends to elicit testimony from the witness at issue regarding the pharmacological effects that the witness felt after taking Alpha-PVP to prove that the substance is a controlled substance analogue of MDPV, a Schedule I controlled substance. To show that a substance qualifies as a controlled substance analogue as defined by 21 U.S.C. § 802(32)(A), the government must establish the following: "(1) The substance in question must have a chemical structure substantially similar to a controlled substance . . . *and* (2) it must *either* have a substantially similar effect on the central nervous system . . . *or* be purported or intended to have such an effect." *United States v. Turcotte*, 405 F.3d 515, 521 (7th Cir. 2005); *see also United States v. McKinney*, 79 F.3d 105, 107-108 (8th Cir. 1996), *vacated on other grounds*, 520 U.S. 1226 (1997) (adopting the conjunctive

reading of 21 U.S.C. § 802(32)(A) provided above).

Federal Rule of Evidence 702 provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (formatting omitted). The court finds that the government's witness at issue will not testify as an expert and, accordingly, Rule 702 is not implicated. Rather, the witness at issue will "testify to first-hand experiences with [Alpha-PVP] to help establish" the pharmacological effect of the drug. Resistance to Defendant's Motion in Limine at 5. Accordingly, the court declines to exclude this witness under Defendant's theory that a lay witness will be offering expert testimony. However, the court elects to reserve ruling on the admissibility of this evidence until trial to verify that the government lays the proper foundation.

### B. *Government's Motion in Limine*

In the Government's Motion in Limine, the government requests that the court exclude evidence and argument from the Defendant "suggesting she believed it was legal to . . . distribute and possess the substances she distributed." Memorandum Re: Government's Motion in Limine (docket no. 43-1) at 4. As the government correctly points out, such belief "is not relevant to a material matter because the government is not required to prove that [D]efendant thought her distribution of the substances was legal." *Id*. at 4-5. In Counts I and II of the Superseding Indictment, Defendant is charged with distributing a controlled substance and distributing a controlled substance analogue, respectively. The crime of distributing a controlled substance/controlled substance

6

analogue, has two elements:

> *One*, Defendant intentionally transferred the controlled substance/controlled substance analogue to another person; and
>
> *Two*, at the time of the transfer, Defendant knew that it was a controlled substance/controlled substance analogue.

Eighth Circuit Model Instruction 6.21.841B. Controlled Substances—Distribution. The crime of possession with intent to distribute a controlled substance/controlled substance analogue, as charged in Counts III and IV has three elements:

> *One*, Defendant was in possession of the controlled substance/controlled substance analogue;
>
> *Two*, Defendant knew that she was in possession or intended to be in possession of the controlled substance/controlled substance analogue; and
>
> *Three*, Defendant intended to distribute some of all of the controlled substance/controlled substance analogue to another person.

Eighth Circuit Model Instruction 6.21.841A. In addition, to prove that a substance is a controlled substance analogue, the government must prove that Defendant: (1) possessed a controlled substance analogue; (2) knew he or she was in possession of a controlled substance analogue; and (3) intended to distribute some or all of the controlled substance analogue for human consumption. *United States v. Sullivan*, 714 F.3d 1104, 1107 (8th Cir. 2013).

    The government argues that it does not have to show that Defendant knew the name of the substance charged, so long as she knew that it was some controlled substance. With respect to this argument, the government notes that the Eighth Circuit Court of Appeals has stated that "[t]o convict a defendant of violating 21 U.S.C. § 841(a) . . . , '[t]he government is not required to prove that the defendant actually knew the exact nature of the substance with which he was dealing.'" *United States v. Sheppard*, 219 F.3d 766, 769

7

(8th Cir. 2000) (second alteration in original) (quoting *United States v. Jewell*, 532 F.2d 697, 698 (9th Cir.) (en banc)).

In the Resistance to the Government's Motion in Limine, Defendant argues that the court should permit her to argue "[t]hat she did not know her conduct was illegal because she was not aware that the substance was a controlled substance . . . [or] a controlled substance analogue." Resistance to the Government's Motion in Limine at 2-3.

The court finds that the government and Defendant's positions are not necessarily at odds with one another. The court agrees with the government that, in general, ignorance of the law is not a valid defense. Thus, the court finds that it is not appropriate for Defendant to argue merely that she is not guilty because she did not know that her conduct was illegal. However, the government acknowledges that it must prove knowledge under 21 U.S.C. § 841 to show Defendant *knew* that she possessed a controlled substance or controlled substance analogue. Defendant may argue at trial that she did not know that she possessed a controlled substance or a controlled substance analogue and that, therefore, the government failed to prove one of the elements of the crime(s) Defendant is charged with.

## IV. CONCLUSION

In light of the foregoing, Defendant's Motion in Limine (docket no. 42) is **DENIED IN PART** and the court **RESERVES RULING** in part. The Government's Motion in Limine (docket no. 43) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

**DATED** this 20th day of June, 2014.

                                        LINDA R. READE
                                        CHIEF JUDGE, U.S. DISTRICT COURT
                                        NORTHERN DISTRICT OF IOWA